UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-3888-GW(FFMx) | Date | July 8, 2010 |
| Title | *Lauren Grauman, et al. v. Washington Mutual Bank, et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ghassan Gus Bridi | Patricio A. Marquez |

PROCEEDINGS:   DEFENDANT JPMORGAN CHASE BANK, N.A.'S AND CALIFORNIA RECONVEYANCE COMPANY'S MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) (filed 06/02/10)

Hearing is held. The tentative circulated is hereby adopted as the Court's final ruling (attached). Defendant JPMorgan Chase Bank, N.A.'s and California Reconveyance Company's Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6) is **granted with leave to amend.**

Counsel for plaintiff will have until July 20, 2010 to **manually** file an amended complaint at the court's civil intake department.

The Scheduling Conference presently set for July 19, 2010, is continued to **July 22, 2010 at 8:30 a.m.**

:   03

Initials of Preparer   JG

***Grauman v. Washington Mutual Bank***, Case No. CV-10-3888
Ruling on Motion to Dismiss

      Plaintiffs Lauren Grauman and Lawrence Grauman originally filed this action in Los Angeles Superior Court arising from the initiation of non-judicial foreclosure proceedings against certain real property located at 29014 Hollow Oak Court, Agoura Hills, California 91301 ("Subject Property"). The matter was timely removed to federal court by Defendant JPMorgan Chase Bank, N.A., for itself and as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as Receiver, sued herein as "successor to Washington Mutual Bank" ("JPMorgan") and by Defendant California Reconveyance Company ("CRC") (together, "Defendants"). Plaintiffs' Complaint alleges the following fifteen causes of action: (1) "Violations of Home Ownership Equity Protection Act;" (2) "Violations of Real Estate Settlement Procedures Act;" (3) "Violations of Federal Truth in Lending Act;" (4) "Violation of Fair Credit Reporting Act;" (5) "Fraudulent Misrepresentation;" (6) "Breach of Fiduciary Duty;" (7) "Unjust Enrichment;" (8) "Civil Conspiracy;" (9) "Civil RICO;" (10) "Quiet Title;" (11) "Violation of Business and Professions Code § 17200;" (12) "Wrongful Foreclosure – Violation of Civil Code Section 2924, 29243.5 [sic], and 2923.6(a);" (13) "Usury;" (14) "Predatory Lending – California Financial Code Sections 4970-4979.8;" and (15) "Unfair Debt Collection Practices." Defendants now move to dismiss each of Plaintiffs's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. No opposition has been filed.

      This district's Local Rules provide as follows:

> Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion.

C.D. Cal. L.R. 7-9. Under the local rules, Plaintiffs' failure to file an opposition to Defendant's motion to dismiss may be deemed their consent to the granting of the motion. See Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion"); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal pursuant to local rule deeming failure to file an opposition consent to granting motion). Accordingly, Defendants' motion to dismiss is GRANTED.

      In addition, the arguments raised in Defendants' motion are to be well-taken. Defendants note that the bulk of Plaintiffs' claims concern representations, disclosures, or omissions in connection with the loan on the Subject Property, however, neither JPMorgan nor CRC originated the subject loan. To the extent Plaintiffs' claims against JPMorgan rest upon the presumption that JPMorgan is the "successor in interest" to Washington Mutual Bank, those claims appear to be misplaced for the reasons set forth in the moving papers. Plaintiffs' HOEPA

claim fails because Plaintiffs have not pled any facts showing the subject loan was of the type which falls under HOEPA, and even if it were, any claim for damages is time-barred. Their claims for rescission under HOEPA and TILA fail because, inter alia, they have not alleged tender or offer to tender the loan proceeds. Their RESPA claim for damages is also time-barred, and does not state an actionable claim.

Plaintiffs' state law statutory and common law claims also appear to not be adequately pleaded for the reasons set out on Defendants' moving papers. The remainder of Plaintiffs' claims concern the commencement of non-judicial foreclosure proceedings against the Subject Property, alleged adverse credit reporting, and alleged unfair debt collection practices also lack merit.

Defendants indicate in their Reply Brief that they were informed that Plaintiffs intended to file an Amended Complaint before the hearing on this motion. To date, no Amended Complaint has been filed.